331 So.2d 114 (1976)
Robert v. PALMER
v.
ANCHOR MARINE, INC. and ATV Manufacturing Company.
No. 10680.
Court of Appeal of Louisiana, First Circuit.
April 12, 1976.
*115 Bailey E. Chaney, Baton Rouge, for appellant.
John W. deGravelles, Baton Rouge, for appellees.
Before ELLIS, BLANCHE and LOTTINGER, JJ.
LOTTINGER, Judge.
This is a suit for the rescission of the sale of an all-terrain pleasure vehicle. The plaintiff, Robert V. Palmer, purchased the vehicle from defendant, Anchor Marine, Inc.; the vehicle was manufactured by the other defendant, ATV Manufacturing Company. The Trial Court awarded judgment in favor of plaintiff, rescinding the sale and awarding damages in the sum of $1,774.92 which included $1,113.00 representing the purchase price; $161.92, the sum expended by plaintiff for parts and repairs for the vehicle; and $500.00 for attorney fees. The defendant, Anchor Marine, Inc., has appealed, and plaintiff has answered the appeal seeking a modification of the judgment so as to award him $1,000.00 as damages for inconvenience, embarrassment, humiliation and annoyance, and an additional amount of $1,000.00 for attorney fees occasioned by the appeal.
The record points out that on May 24, 1972, the plaintiff purchased a 1972 model 252 Attex All-Terrain Vehicle manufactured by ATV Manufacturing Company from Anchor Marine, Inc. The plaintiff encountered many difficulties with this vehicle and on December 14, 1972, he agreed with defendant, Anchor Marine, Inc., to accept a replacement vehicle. Some six days later the replacement vehicle was driven for the first time, and after one or two hours use, the vehicle failed to start. Mr. Palmer testified that the difficulty was caused by a faulty fuel pump. Subsequently, an outer axle bearing and seal had to be replaced on April 14, 1973; a recoil starter was replaced on March 26, 1973; and on May 1, 1973, a complete tune-up and overhaul, involving new piston rings, cylinders, and wrist-pins, was performed as well as repair to the recoil starter. On the same date new axle bearings and seals were installed on three wheels. On May 28, outer and inner wheel bearings were replaced, the carburetor and throttle were adjusted as well as the drive chains. On June 16, 1973, the carburetor was torn down, checked, cleaned and put back, a shorted ignition wire was replaced, the points were filed, the fuel filter was replaced and the chains oiled and adjusted. On July 12, 1973, the front inside and outside axle bearings were replaced. Much of the testimony points out that this particular vehicle as well as all of the other similar vehicles received in the same shipment had a sealed axle bearing, and the grease contained therein was too light and would leak out, thus causing the axle bearing to be without grease, and finally causing excessive wear and failure. Finally, Anchor Marine suggested the replacement of the axle bearings for those with fittings that would allow the greasing of the axle, all at plaintiff's cost. Plaintiff refused, demanded his money back, left the vehicle with the dealer, Anchor Marine, Inc., and filed this law suit.
In his reasons for judgment, the Trial Judge said:
"The Court needs to look no further than the axle bearings to find a `vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that is [sic] must be supposed that the buyer would not have purchased it, had he known of the vice.' The Courts finds, too, that the defect, *116 absence of grease fittings, was of such a nature as to be apparent to the dealer and distributor, Anchor Marine, on simple inspection. The Court also finds that rescission of the sale rather than a reduction in price to be the appropriate remedy."
The defendant-appellant, Anchor Marine, Inc., contends the Trial Court erred in:
(1) Ignoring plaintiff's testimony that the machines were kept out in the open, subject to the elements, especially the second ATV, when the testimony of all mechanics (plaintiff's as well as defendant's) clearly showed deterioration would occur and cause plaintiff's complaints, when the owner's manual specifically stated that covered inside storage of the vehicle was required;
(2) Ignoring certain maintenance procedures required to be done by the user of the equipment, which, if not done, or done improperly, could have caused plaintiff's complaints;
(3) Confusing "hidden" and "apparent" defects;
(4) Basing rescission on axle bearing problems, a "hidden" defect, when the problem did not arise until four months after delivery, and at the same time held lack of grease fittings was an "apparent" defect;
(5) Treating appellant, Anchor Marine, Inc., to the same standard of notice of the hidden defect as the law treats a manufacturer, and awarded attorney fees in the judgment against Anchor Marine, Inc.;
(6) Awarding attorney fees when there was neither proof of the amount of attorney fees nor even any proof that any attorney fees had been incurred at all;
(7) Rescinding the sale rather than reducing the price.
The Louisiana Civil Code provides that a sale can be set aside because of a defect in the object purchased, where the defect is of such a nature as to render the article either absolutely useless, or its use so inconvenient and imperfect that it would not have been purchased if the defect would have been known; but if the defect could have been discovered by the buyer by simple inspection, or if the defect was made known prior to or at the time of the sale by the seller, then the sale cannot be voided. Of course, the buyer in order to set aside a sale, must prove the defect existed prior to the sale to him, and a presumption exists if it appears within three days of the sale.[1]
We are in agreement with the decision of the Trial Court in holding that the plaintiff would not have purchased the allterrain vehicle had he known of the multitude of trouble he would have encountered. Nor, do we feel that the vices above mentioned were such that they could have been discovered by the plaintiff by his simple inspection of the vehicle at the time of purchase.
*117 It is argued by defendant that if the defects complained of were hidden and non-apparent as to the plaintiff, then they cannot be apparent as to the defendant. It is further argued by the defendant-appellant that the only way he could have known of the condition of each axle bearing was to break the seal on it, which he contends he was not required to do, citing Baughman v. Quality Mobile Homes, Inc., 289 So.2d 376 (La.App. 1st Cir. 1973), rehearing denied (1974).
The Baughman case dealt with a mobile home that had a leak in a window when it rained. This Court held that the dealer-seller could not be expected to know of such a defect without taking the window apart, and this we held he was not required to do. There we found judgment against the manufacturer. But in this case, as above noted, an employee and former employees of the defendant-appellant testified of prior history of defective axle bearings, and thus even though the defect would have been hidden and non-apparent as to the purchaser, once this knowledge was acquired by the seller, we are of the opinion that it then became an apparent defect as to the seller. We therefore feel that the Trial Judge was justified in awarding the plaintiff attorney fees under the provisions of LSA-C.C. art. 2545 which provides:
"The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of the price and repayment of the expenses, is answerable to the buyer in damages."
Certainly, if the dealer did not know, as a matter of fact, the various vices and defects in this vehicle, he did, at least have constructive knowledge and, in Wade v. McInnis-Peterson Chevrolet, Inc., 307 So.2d 798 (La.App. 1st Cir. 1975), this Court said:
"To recover attorney's fees the buyer must prove knowledge of the defect by the seller. He need not prove wilful misrepresentation. It is sufficient for the buyer to prove actual or constructive knowledge by the seller. Thus, if the seller knew or should have known of the defect and failed to declare it to the buyer, the seller is liable additionally for reasonable attorney's fees."
The defendant-appellant argues that when the plaintiff accepted the second ATV in replacement of the first, that novation occurred, and any question of redhibition as to the first ATV was not before the Court, and the only question before the Court, and only question before the Court was whether or not redhibition is possible as to the second ATV. The law of course is clear that he who pleads the affirmative defense of novation must establish it by positive proof. Crescent Cigarette Vending Corp. v. Toca, 271 So.2d 53 (La.App. 4th Cir. 1972). We are of the opinion that redhibition will certainly apply to the second ATV, otherwise, it would be very easy for dealers to trade off or exchange a new vehicle, just as defective as the first, for the first defective vehicle, and thus escape liability. The buyer pays for a vehicle, and it is the purpose of the redhibition law to give to him a unit defect free for his use, or in lieu thereof, the return of the purchase price.
In answering the appeal, plaintiff requests a modification in the judgment so as to award him damages for inconvenience, embarrassment, humiliation and annoyance as well as additional damages for attorney fees occasioned by this appeal. We note that the Trial Judge did not award plaintiff any damages for inconvenience, and can find no error in his judgment denying same. However, as to the plaintiff's answer to the appeal seeking additional attorney fees occasioned by this appeal, we do feel he has a valid argument. Therefore, this Court will amend the judgment of the Trial Court to award an additional amount of $450.00 as attorney fees against the appellant, Anchor Marine, Inc. Meaux v. Hoffpauir, 219 So.2d 551 (La. App. 3rd Cir. 1969), rehearing denied *118 (1969), writ refused, 253 La. 1096, 221 So. 2d 522 (1969).
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is amended to provide for additional damages in the amount of $450.00 against defendant-appellant, Anchor Marine, Inc., only, and as amended, the judgment of the Trial Court is affirmed. All costs of this appeal are to be paid by defendant-appellant, Anchor Marine, Inc.
AMENDED AND AFFIRMED.
NOTES
[1] LSA-C.C. art. 2520 provides:

"Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."
LSA-C.C. art. 2521 provides:
"Apparent defects, that is, such as the buyer might have discovered by simple inspection, are not among the number of redhibitory vices."
LSA-C.C. art. 2522 provides:
"The buyer can not institute the redhibitory action, on account of the latent defects which the seller has declared to him before or at the time of the sale. Testimonial proof of this declaration may be received."
LSA-C.C. art. 2530 provides:
"The buyer who institutes the redhibitory action, must prove that the vice existed before the sale was made to him. If the vice has made its appearance within three days immediately following the sale, it is presumed to have existed before the sale."