357 So.2d 607 (1978)
Vincent J. BELL
v.
FIAT DISTRIBUTORS, INC., et al.
No. 11886.
Court of Appeal of Louisiana, First Circuit.
March 20, 1978.
*608 Phil P. Breaux, St. Gabriel, for plaintiff-appellant Vincent J. Bell.
Robert H. Wood, Jr., New Orleans, for defendant-appellee Fiat Distributors, Inc.
Henry D. Salassi, Jr., Baton Rouge, for defendant-appellee Jefferson Parish Enterprises, Inc. D/B/A Bryan Motors.
Before LANDRY, COVINGTON and CHIASSON, JJ.
LANDRY, Judge.
Plaintiff-appellant, Vincent J. Bell, is appealing that portion of the trial court judgment dismissing defendant-appellee, Fiat Distributors, Inc., from his redhibition action.
Plaintiff purchased a new Fiat automobile on January 22, 1974, from defendant, Bryan Motors, an authorized Fiat dealer. Included in the sale was an agreement by Bryan Motors to install an air-conditioning unit which was not in the automobile when plaintiff took possession thereof. This unit was installed on May 21, 1974. Plaintiff alleged that the air-conditioning unit was defective and that there were also defects in the vehicle. He asked for rescission of the sale, damages and attorney's fees.
The trial court held that the air conditioning unit contained redhibitory defects but that the alleged defects in the vehicle were not redhibitory in nature. Judgment was awarded against Bryan Motors only, the court finding that Fiat had not authorized the warranty of the air-conditioning unit under its dealer agreements.
The trial court rendered lengthy and learned Written Reasons for Judgment. After our careful review of the entire record and exhibits in considering plaintiff's appeal, we adopt the trial court's reasons by *609 reference thereto and attach them as an appendix herein.
On appeal, plaintiff contends that the trial court erred in the following respects:
(1) In finding that the defects of the car, other than those in the air conditioner, were not redhibitory in nature;
(2) In finding that Bryan Motors was solely responsible as a manufacturer for the defective installation and operation of the air conditioner;
(3) In finding that Fiat was not legally responsible for the defective air conditioner; and
(4) In estimating attorney's fees in the amount of $800, claiming that the peculiar facts of the case support an award of $3,000 in attorney's fees.
Regarding the fourth assignment of error, plaintiff additionally seeks an award for reasonable attorney's fees in connection with this appeal.
Concerning the first assignment of error, the following four sentences of the trial court's written reasons explain its finding that the defects of the car, other than the air conditioner, were not redhibitory in nature:
"On or about January 22, 1974, the plaintiff purchased from Bryan Motors the 1974 Fiat 124 automobile which is the object of this litigation. The petition was filed on May 16, 1975. During the interim, several problems developed in the mechanical aspects of the car which required a return to the dealer for warranty repairs on several occasions. The Court has concluded, upon the evidence introduced, that all of these problems, except for those related to the defective air-conditioning system, were of a minor nature and satisfactorily remedied by subsequent repairs." (Record, p. 89)
We note from the record that the vehicle had a "twelve month/12,000 mile" warranty and that Joseph W. Stafford, the Fiat representative accepted by the court as an expert, provided testimony, supplemented with exhibits, that the repair invoice for only one of the alleged defects, a leaking windshield, had been filed with Fiat. For this repair, the dealer had been credited with his cost. This witness also testified that all repairs which dealers make under the manufacturer's warranty are always claimed by the dealers as a matter of practice, the obvious incentive being the credit which the dealer receives for the service. We agree with the trial court that the problems which the vehicle developed after the warranty period expired were not redhibitory in nature, either because they were not serious or because the evidence was insufficient to prove that the problems were redhibitory in nature rather than a result of ordinary wear.
The trial court found that the defects in the air-conditioning unit were redhibitory in nature but rendered judgment against only the installing dealer, Bryan Motors, finding that Fiat was not legally responsible by virtue of the fact that the automobile, apart from the function of the air conditioner, contained no redhibitory defects. Plaintiff has assigned as his second and third errors this finding of redhibitory responsibility on the part of Bryan Motors and a lack of responsibility of Fiat. In addition to the finding by the trial court and our reading of the testimony and review of the exhibits, we are further persuaded by the argument in defendant Fiat's brief:
"* * * The air conditioner herein was neither manufactured and warranted nor installed by Fiat Distributors, Inc. The testimony showed that the dealer purchased the air conditioner directly from Roy McGriff Design Aire, Inc., and the dealer's employees installed the air conditioner in the Bell vehicle. At no time did the dealer submit a warranty claim to Fiat for reimbursement for warranty repairs to the air conditioner, as indeed the dealer could not under the terms of the franchise agreement and dealer warranty manual. The dealer offered to the customer and installed the non-factory approved air conditioner at its own risk.
"The jurisprudence imputes knowledge of defects of the thing manufactured to *610 the manufacturer or distributor of the product. Media Production Consultants, Inc. v. Mercedes-Benz of North America, Inc., 262 La. 80, 262 So.2d 377 (S.Ct., 1972). However, in this case, Fiat, the distributor of the automobile, neither manufactured nor authorized the installation of the particular air conditioner, which was the only component in the automobile concluded to be redhibitory by the trial court. The trial court held that the seller (Bryan Motors) placed itself in the position of manufacturer upon installing the air conditioner. Knowledge of the defective air conditioner is presumed * * * to the seller in this case, or the knowledge is imputed to the selling dealer permitting, therefore, imposition of attorneys' fees and damages against the seller. See Palmer v. Anchor Marine, Inc., [La.App.], 331 So.2d 114 (1st Cir., 1976); Brown v. Dauzat, [La.App.], 157 So.2d 570 (3rd Cir., 1963). As Bryan placed itself in a position of a manufacturer, vis-a-vis the air conditioner, the trial court correctly dismissed Fiat Distributors from the lawsuit." (Brief, pp. 2, 3)
As for plaintiff's last specification of error that the attorney's fees awarded by the trial court should be raised from $800 to $3,000, we are not disposed to disturb an award of this nature where there is no showing of an abuse of discretion in determining what is reasonable attorney's fees under LSA-C.C. art. 2545. Concerning the fees sought by plaintiff for this appeal, we determine that awarding them is inappropriate since we are not rendering a decision favorable to him.
For the foregoing reasons, the judgment of the trial court is affirmed, the costs to be paid by plaintiff-appellant.
AFFIRMED.