WATSON, Judge.
Plaintiff, Neil Price, has appealed from a trial court judgment which rescinded the sale of a car to him by defendant, Overseas Sports, Inc. Plaintiff contends that the trial court erred in failing to award him attorney’s fees. Defendant has not appealed or answered the appeal and the only issue is whether Price is entitled to attorney’s fees.
*588 On June 6, 1975, Price made a $1,000 deposit with Overseas Sports, Inc. of Lafayette for the purchase of a new blue TVR sports car with a blue interior. A1 Kamal of Overseas Sports, Inc. advised Price he did not have an appropriate car in stock but would locate one. Subsequently, Price was told a suitable car was available in Florida. The total price was fixed at $7,205.
The purchase price was $6,900; $305 represented sales’ taxes and license fees which were to be paid by Overseas Sports, Inc. On June 20, Price mailed Overseas Sports, Inc. a cashier’s check for the balance of the purchase price, $6,205. The next day he flew to Florida to pick up the car and drive it back to his home in Lake Charles. The car was not ready until the 23rd and Price started back on that date. He had problems on the return trip and stopped at Overseas Sports, Inc. on June 26. The clutch was slipping; the engine was overheating; there were no brake lights; and there was a vibration in the transmission. Kamal told Price to bring the car back in a month when Kamal would have returned from vacation. Meanwhile, the paint began to peel. In the middle of July, Price went back to Lafayette and showed Kamal where the paint was peeling and complained again about the mechanical problems. Price observed yellow paint beneath the blue on August 12th and returned to Overseas Sports where Kamal advised him that the car would be repainted and repaired. On the trip from Lake Charles to Lafayette, the clutch went out and Kamal sent a tow truck to bring it in. When Price returned to Overseas Sports in September to pick up his car, the paint was uneven and unacceptable. He rejected the car then and again in October, after checking with the painter, because of the quality of the paint. The painter, Glenn Leger, confirmed that the durability of the paint could not be guaranteed, and it was not factory quality. Formal tender of the TVR was subsequently made by Price’s attorney.
Lawrence G. Andries of the Motor Vehicle Bureau of the Louisiana Department of Public Safety testified that Overseas Sports was not licensed to sell new TVRs in 1975 or 1976. (TR. 78-79). As a result, a valid title to the car could not be issued. Letters advising Price of this were introduced into evidence, the last one dated December 29, 1975. Price testified he was never able to obtain a title to the car. (TR. 173-174).
A buyer is entitled to attorney’s fees from a non-manufacturer in a redhibition suit only when the seller is in bad faith. Guillory v. Pitre Ford Co., 345 So.2d 1274 (La.App. 3 Cir. 1977); Slay v. Ater, 305 So.2d 691 (La.App. 3 Cir. 1974); Peoples Fur. & G. v. Carson Hicks/Friedrichs Ref., Inc., 326 So.2d 919 (La.App. 3 Cir. 1976). LSA-C.C. art. 2545 states:
“The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys’ fees, is answerable to the buyer in damages.”
The sale was completed when Price viewed the automobile in Florida and found it satisfactory. LSA-C.C. art. 2460.[1] There is no evidence that the seller, Overseas, knew of the car’s mechanical and paint defects at that time. However, as an automobile dealer, Overseas Sports, Inc. must be presumed to know the requirements of the Louisiana Vehicle Certificate of Title Law, LSA — R.S. 32:701, et seq. Doyle v. Fuerst & Kraemer, 129 La. 838, 56 So. 906 (1911). A vehicle without a certificate of title is not marketable. LSA-R.S. 32:706. A car on which a certificate of title cannot be obtained has a redhibitory defect. LSA-C.C. art. 2520.[2] *589 It must be supposed that Price would not have purchased the car had he known a title would not be issued. As to this redhibitory defect, Overseas Sports, Inc. was in bad faith and Price is entitled to reasonable attorney’s fees, which are fixed at $2,000.
The judgment of the trial court is amended, as follows:
It is ordered, adjudged and decreed that there be additional judgment in favor of plaintiff, Neil Price, and against defendant, Overseas Sports, Inc., in the amount of $2,000 as attorney’s fees.
As amended, the judgment is affirmed. All costs on appeal are assessed to defendant, Overseas Sports, Inc.
AMENDED AND AFFIRMED.

. LSA-C.C. art. 2460:
“Things, of which the buyer reserves to himself the view and trial, although the price be agreed ■on, are not sold, until the buyer be satisfied with the trial, which is a kind of suspensive condition of the sale.”

. LSA-C.C. art. 2520:
“Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.