381 So.2d 886 (1980)
Peter D. CERNIGLIARO, Plaintiff-Appellee,
v.
MARQUIS MARINE, INC., Defendant-Appellant.
No. 14040.
Court of Appeal of Louisiana, Second Circuit.
February 25, 1980.
*887 Clifford L. Lawrence, Jr., Monroe, for defendant-appellant Marquis Marine, Inc.
Brown, Wicker, Lee & Barnes, by O. P. Barnes, III, Monroe, for plaintiff-appellee Peter D. Cernigliaro.
Hudson, Potts & Bernstein, by W. Craig Henry, Monroe, for third-party defendant-appellee Skeeter Products, Inc.
Before PRICE, HALL and MARVIN, JJ.
PRICE, Judge.
Plaintiff filed this redhibitory action to rescind the sale of a boat, motor, and trailer he purchased from defendant. He also sought attorney fees on the theory that defendant should be considered a manufacturer in bad faith as its employees assembled several component parts in outfitting the bass rig in question. Defendant filed a third party action against Skeeter Products, Inc. of Kilgore, Texas, the manufacturer of the boat, seeking to recover any amount for which defendant should be cast in judgment.
The trial court rendered judgment awarding plaintiff a $1,000 reduction in the purchase price plus $500 attorney fees against Marquis Marine and dismissed Marquis' third party action against Skeeter Products.
Marquis Marine appeals specifying as error: (1) the granting of a reduction of the purchase price in any amount and alternatively, the excessive amount of the reduction; (2) in awarding attorney fees against defendant as a retailer; and (3) in dismissing the third party demand against Skeeter Products.
Plaintiff ordered the bass rig from defendant on May 3, 1978, for a price of $5,943.92. The boat was delivered to him May 6, and on May 8 he attempted to use the boat but the motor failed to start. He returned the boat to defendant who corrected the problem by repairing a pinched wire. The following weekend plaintiff went fishing and after an hour on the water, the *888 carpet in the boat became saturated due to a leak in the front live well tank. Plaintiff returned the boat to defendant the following Monday complaining about the leak and that the motor was not running well. Defendant attempted to repair the leak and tested it with standing water to assure the leak was properly fixed. No defect was found in the motor but the spark plugs and a coil were changed in an effort to appease plaintiff. On the next fishing trip plaintiff again noticed the live well tank leaking and returned it to Marquis for further repairs. This time defendant sent the boat back to Skeeter to be repaired. After its return to him plaintiff experienced further leaking of the live well tank on his next fishing trip. The boat was again returned to Skeeter by defendant and the cause of the leak was ultimately determined and remedied. When the repaired boat was tendered to plaintiff around July 12, 1978, he refused to accept it and filed this suit against Marquis.
Defendant contends that the trial judge erred in awarding plaintiff a reduction of the purchase price and alternatively that a reduction of $1,000 was excessive. Louisiana Civil Code Articles 2541, 2543, 2544, and the corresponding jurisprudence recognize that in a redhibitory action the judge may award a reduction of the price where he finds the defect in the thing has merely diminished the value of the thing purchased. "In every redhibitory action if the evidence establishes only a partial failure of consideration, a reduction in the purchase price may be granted to the buyer." Wade v. McInnis-Peterson Chevrolet, Inc., 307 So.2d 798 (La.App. 1st Cir. 1975).
The evidence clearly supports a finding of a partial failure of consideration. The defendant admitted that plaintiff should not have been expected to suffer the numerous inconveniences caused by the leakage but argues that it made every reasonable effort to repair the defects. Although the defects were aggravating, they did not render the boat completely useless to plaintiff. Therefore the trial judge acted within his discretion in ordering a reduction in the purchase price. While the sum of $1,000 may be in the upper limits of the discretion of the trial court in making such an award, it is not so excessive to constitute manifest error under the circumstances shown.
The second specification of error concerns attorney fees awarded plaintiff. To obtain attorney fees in a redhibitory action a buyer must prove knowledge of the defect by the seller, although he need not prove willful misrepresentation. The buyer can succeed by showing actual or constructive knowledge by seller. Therefore, if seller knew or should have known of the defect, yet failed to inform buyer of such defect, seller is liable additionally for reasonable attorney fees. See Juneau v. Bob McKinnon Chevrolet Company, 260 So.2d 919 (La.App. 4th Cir. 1972); Rey v. Cuccia, 298 So.2d 840 (La.1974); Wade v. McInnis-Peterson Chevrolet, Inc., supra. No evidence of actual bad faith or knowledge of the defect on the part of defendant is present in the record. Since we are without benefit of written reasons for the judgment, we can only assume that the award of attorney fees was based on finding defendant had constructive knowledge of the defect at the time the bass rig was sold to plaintiff.
Seller-dealers have been charged with constructive knowledge of defects and held liable for attorney fees in cases where the seller installs, assembles, or repairs a particular part and that particular part is defective. The court found the sellers in these cases had placed themselves in the same posture as a manufacturer upon installing, repairing, or assembling the defective object. Wade v. McInnis-Peterson Chevrolet, Inc., supra; Bell v. Fiat Distributors, Inc., 357 So.2d 607 (La.App. 1st Cir. 1975).
The circumstances presented here do not warrant the same conclusion. The defendant did not in any way hold himself out as the manufacturer of any of the component parts of this bass rig. Although Marquis added a motor and made several modifications to the Skeeter boat to make it more convenient for bass fishing, the evidence *889 shows that the main defect in the rig was the leak in the live well tank which was manufactured and attached to the boat by Skeeter Products alone. Therefore, an award of attorney fees against Marquis under these facts was improper.
Lastly, we are presented with the issue of whether the trial judge erred in rejecting defendant's third party demands against Skeeter Products. Civil Code Article 2531 provides:
In any case in which the seller is held liable because of redhibitory defects in the thing sold, the seller shall have a corresponding and similar right of action against the manufacturer of the thing for any losses sustained by the seller, and further provided that any provision of any franchise or manufacturer-seller contract or agreement attempting to limit, diminish or prevent such recoupment by the seller shall not be given any force or effect.
Since we have determined that the only significant defect in the rig was one for which Skeeter Products was solely responsible, Skeeter is liable to Marquis for the losses it sustained under the provisions of Art. 2531. We therefore reverse the part of the judgment rejecting defendant's third party demands against Skeeter.
For the foregoing reasons, the judgment appealed awarding plaintiff $1,000 plus interest against defendant is affirmed; the judgment awarding plaintiff $500 attorney fees is reversed; the judgment rejecting the third party demand of Marquis Marine against Skeeter Products is reversed; and judgment is rendered in favor of Marquis Marine, Inc. and against Skeeter Products, Inc., in the sum of $1,000 plus interest and all costs of these proceedings including this appeal.