WATKINS, Judge.
A seller of a mobile home appeals a judgment awarding a buyer “general damages” and attorney’s fees for the failure of the seller to supply a certificate of title until three years after the sale and approximately six months after the final payment on the purchase price. The judgment also awarded the seller a sum for rent pursuant to the seller’s reconventional demand.
In written reasons for judgment, the trial court set out the nature of the original cause of action and the facts revealed by the evidence at trial, as follows:
The plaintiff herein seeks to rescind the sale of a mobile home, alleging that a certificate of title could not be obtained on the mobile home, which made it unmarketable. The defendant reconvened seeking past due rentals.
In August of 1984 the defendant, Billie T. Ankesheiln, sold a mobile home to the plaintiff, Walter P. Lamousin, for $5,000.00; $3,000.00 was paid at the time of the sale, and the balance was to be paid in installments. After the sale Mr. Lamousin took possession of the trailer and rented trailer space on a monthly basis from Mr. Ankesheiln.
The plaintiff testified that he completed payments on the trailer in March of *460 1987 and that he requested a certificate of title at that time. The defendant was unable to produce a certificate of title. Mr. Lamousin testified that he wanted to move the trailer but, without a title, he was unable to do so because he could not obtain insurance or a license plate.
The plaintiff testified that he continued to occupy the trailer until sometime in July of 1987 when the defendant removed his water pump. Thereafter, the plaintiff abandoned the mobile home and paid no more rental on the trailer space. Subsequent to the filing of the plaintiff’s suit on August 20, 1987, the defendant obtained a certificate of title for the mobile home.
The trial court then made the following conclusions which formed the basis for awards to the two parties:
Because the defendant seller did obtain a certificate of title for the mobile home, the Court rejects the plaintiffs demand for a recission [sic] of the sale. Furthermore, the Court finds a reduction in purchase price to be inappropriate as the defect was not of such a nature as could be “repaired” by the defendant.
The Court does find, however, that the defendant seller knew of the rehibitory [sic] defect, i.e. that he did not have a certificate of title to the mobile home at the time of the sale, and that he failed to declare this vice to the plaintiff. The Court further finds that even though a certificate of title was obtained by the defendant subsequent to the plaintiff’s request for the same, said title was not forthcoming within a reasonable length of time. As a result the plaintiff was unable to exercise the full use of the mobile home, and for this reason the Court finds an award to the plaintiff of $2,500.00 for general damages is appropriate. The Court awards attorney’s fees of $1,000.00.
The Court further awards the defendant $350.00 in past due rentals. All costs of these proceedings are assessed against the defendant.
In a suit for redhibition, the trial court may award a reduction of the purchase price. LSA-C.C. art. 2543. The rules and limitations applicable to the red-hibitory action are applicable to an action for reduction. LSA-C.C. art. 2544.
Although a trial court might mislabel an award for reduction of price as a “damage” award, an appellate court will look to the essence of the award to determine whether the trial court erred in setting the award. Loss of use of a motor home and inconvenience are factors which may be considered in determining the amount of the reduction. Lehn v. Clear-view Dodge Sales, Inc., 400 So.2d 317 (La. App. 4th Cir.), writ denied, 406 So.2d 608 (La.1981). After considering the overall evidence the trial court has discretion, albeit limited discretion, to establish a reduced sale price at the time of the sale. Bermes v. Facell, 328 So.2d 722 (La.App. 1st Cir.1976). Our review of the record in the instant case convinces us that the trial judge did not abuse his discretion in awarding $2,500.00 to the plaintiff.
On appeal the seller argues that it was error for the trial court to make an award for the “defect” of lack of title because the seller eventually provided title. Relying on Price v. Overseas Sports, Inc., 362 So.2d 587 (La.App. 3d Cir.1978), appellant asserts that recovery for redhibition involving a title question is allowed only when a title can never be produced. We do not read the Price opinion as raising such a restriction. In a case such as the instant one, when a buyer’s use and enjoyment of the mobile home was impaired by the lack of title, the defect existed at the time of sale and continued until title was produced.
As long as a redhibitory vice exists at the time of the sale, the buyer is allowed the remedy of redhibition or reduction in price and notwithstanding the curability of the defect. CC Arts. 2530, 2520. Curability may affect the amount of the damages and expenses under CC 2545 but not the right to claim such damages and expenses.
Cox v. Moore, 367 So.2d 424, 426 (La.App. 2d Cir.), writ denied, 369 So.2d 1364 (La.1979).
*461 In his brief to this court appellee takes the position that he is entitled to a rescission of the sale with a full refund of purchase price and that he owes no rent. However, we cannot consider changing the trial court’s ruling in these areas because appellee neither appealed nor answered the appeal of the seller. See Polizzi v. Lotz, 240 La. 734, 125 So.2d 146 (1960).
Finding no error in the trial court’s decision, we affirm. Appellant is cast for costs of the appeal.
AFFIRMED.