599 So.2d 812 (1992)
Rodney P. and Patricia RHODES
v.
ALL STAR FORD, INC.
No. CA 91 0031.
Court of Appeal of Louisiana, First Circuit.
March 19, 1992.
*813 Risley C. Triche, Napoleonville, for plaintiffs.
E. Trent McCarthy, Baton Rouge, for defendant.
Before LOTTINGER, EDWARDS and GONZALES, JJ.
EDWARDS, Judge.
This is an action in redhibition (LSA-C.C. art. 2520 et seq.) and under the Louisiana "Lemon Law" (LSA-R.S. 51:1941 et seq.) involving a 1989 Mercury Cougar purchased by the plaintiffs, Rodney P. and Patricia Rhodes, from the defendant dealer, All Star Ford, Inc., on September 20, 1989, for a total purchase price of $16,773.37. A default judgment was taken by the plaintiffs against All Star Ford, Inc. on April 26, 1990, which rescinded the act of sale and ordered the defendants to pay the plaintiffs the purchase price of the vehicle, $16,773.37 with legal interest from the date of judicial demand as well as attorneys' fees in the amount of $1,677 and all costs of the proceedings. All Star's motion for a new trial was denied, and All Star now appeals the default judgment rendered on April 26, 1990, contending that the plaintiffs failed to establish a prime facie case to support rescission of the sale.

Facts
Mr. and Mrs. Rhodes testified at the confirmation hearing regarding the problems they had with the vehicle at issue. On the date of purchase, the Cougar emblem fell off of the car. They brought the car to the dealer and had the emblem replaced. A few days later, the combination locks malfunctioned. Again, they brought the vehicle in to All Star and had the locks repaired. Subsequently, they began to experience water leaking into the front floor of the car whenever it rained. At first, this problem was only in the front, but it later began to happen in the back. They brought the vehicle to All Star a total of six times to have the leaking repaired. They also experienced problems with the steering wheel shaking as well as a broken gas gauge, both of which necessitated the car being brought back to All Star for further repairs. However, at the hearing, the Rhodes testified that all of the problems had been repaired and they did not have any further complaints.
At the time of the hearing, the vehicle had approximately 12,000 miles on it. Both Mr. and Mrs. Rhodes testified that they would not have purchased the car had they known of the problems they would encounter with it.
Appellate Review of a Default Judgment
In order for a plaintiff to obtain a default judgment, he must establish the elements of a prime facie case with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant. In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits. LSA-C.C.P. art. 1702A.; Thibodeaux v. Burton, 538 So.2d 1001, 1004 (La.1989). In reviewing the default judgment, we are restricted to a determination of whether the record contains sufficient evidence to prove a prime facie case. Dunaway v. Woods, 470 So.2d 574, 577 (La. App. 1st Cir.1985).

Rescission of Sale
To sustain a suit in redhibition, a purchaser must prove the following elements: (1) that the thing sold contains a defect or defects which render the thing sold either absolutely useless for its intended purpose or its use so inconvenient that the buyer would not have purchased the item had he known of the defect; (2) that the defect existed at the time of the sale, and was not apparent; and (3) that the *814 seller was given an opportunity to repair the thing and failed to do so. LSA-C.C. art. 2520; Burch v. Durham Pontiac Cadillac, Inc., 564 So.2d 380, 382 (La.App. 1st Cir.), cert. denied, 569 So.2d 968 (La.1990).
All Star first contends that the trial court erred in concluding that the defects in the vehicle were redhibitory in nature, sufficient to warrant rescission of the sale. The record is clear that the vehicle was not rendered totally useless for its intended purpose, as it was driven approximately 12,000 miles despite the problems the plaintiffs encountered with the vehicle. However, although the Rhodes' statements that they would not have purchased the car had they known of the defects is self-serving, "common sense dictates that no reasonable consumer would purchase an automobile which leaks profusely in inclement weather, especially considering the frequency and magnitude of the rains which residents of Louisiana experience each year." Oliver v. Chrysler Corporation, 510 So.2d 1320, 1323 (La.App. 3rd Cir.1987). Furthermore, there were other problems, which, although minor, collectively caused the plaintiffs a substantial amount of inconvenience. We do not think the trial court erred in finding that the plaintiffs' vehicle contained defects such that the plaintiffs would not have purchased it had they known of the defects.
All Star also contends that the plaintiffs failed to prove that the defects existed at the time of the sale. A defect is presumed to have existed before the sale if it manifests itself within three days immediately following the sale. LSA-C.C. art. 2530. Therefore, the emblem falling off and the combination lock malfunction are presumed to have existed prior to the sale. The water leak, the broken gas gauge and the shaky steering wheel, on the other hand, do not enjoy the presumption as a matter of law. Nevertheless, in the absence of other explanations, later appearing defects may be inferred to have pre-existed the sale, when such defects do not usually result from ordinary use. Griffin v. Coleman Oldsmobile, Inc., 424 So.2d 1116, 1118 (La.App. 1st Cir.1982). The existence of a redhibitory defect is a question of fact and the trial court's conclusion should not be disturbed in the absence of manifest error. Ball v. Ford Motor Company, 407 So.2d 777, 780 (La.App. 1st Cir. 1981). After our review of the record, we find no manifest error in the trial court's conclusion that the plaintiffs made a prime facie showing that the defects in the vehicle existed at the time of the sale.
Finally, All Star contends that the trial court erred in granting a rescission of the sale when the plaintiffs failed to prove that the seller knew of the defects and/or that the seller had failed to repair the defects. In order to obtain a rescission based on redhibitory defects when the seller is unaware of the defects, a plaintiff must prove that the seller had an opportunity to repair the defects and was unable to do so. See: LSA-C.C. art. 2531. The record clearly established that all of the defects had been repaired by the time of the confirmation hearing and both plaintiffs testified that they were no longer experiencing problems with the vehicle. Further, there is no evidence in the record to prove that the seller knew, or should have known of the defects prior to the sale to the plaintiffs. Therefore, the trial court erred in granting a rescission of the sale based on the showing made. However, after reviewing the record, we find that the plaintiffs established a prime facie case for a reduction of the price, the alternative remedy in redhibition pursuant to LSA-C.C. arts. 2541-2544.

Reduction in Price
Pursuant to LSA-C.C. arts. 2541-2544, in a redhibitory action, a reduction in price may be awarded a purchaser when, although not warranting rescission, the thing purchased contains defects which diminished its value. See: Wade v. McInnis-Peterson Chevrolet, Inc., 307 So.2d 798 (La.App. 1st Cir.1975); see also: Lamousin v. Ankesheiln, 560 So.2d 459 (La. App. 1st Cir.1990). In such a case, the amount of the reduction in price should be the difference between the actual purchase price and the price a reasonable buyer and *815 seller would have agreed upon if they had both known of the defect. Wade, 307 So.2d at 802. Factors to consider in making an award of a price reduction include the number of defects, the frequency and length of attempted repairs of the defects, the inconvenience associated with the repairs, the actual damage, if any, caused by the defects, the actual costs of repairs and the curtailed use of the thing due to its defects. Wade, 307 So.2d at 803; Griffin v. Coleman Oldsmobile, Inc., 424 So.2d at 1118.
In the instant case, there were several defects in the car; however, these were all relatively minor, with the exception of the water leak. Further, despite the defects, the plaintiffs were able to use the car, and on the date of the hearing, it had approximately 12,000 miles on it. Finally, both plaintiffs testified that all of the defects had been repaired as of the date of the hearing. After a thorough review of the record and of the applicable jurisprudence, we find that a reduction in the price of the subject Mercury Cougar in the amount of $3,000 will adequately compensate the plaintiffs for the diminished value of the vehicle due to the defects.

Attorneys' Fees
All Star argues that the trial court erred in awarding attorneys' fees, and in the alternative, that such award, in the amount of $1,677, was excessive.
In order to establish a claim for attorneys' fees in redhibition, the purchaser must prove knowledge of the defect by the seller, either actual or constructive. Thus, if the seller knew or should have known of the defect and failed to declare it to the buyer, the seller is additionally liable for reasonable attorneys' fees. Wade v. McInnis-Peterson Chevrolet, Inc., 307 So.2d at 803. As we noted earlier, the record is devoid of any evidence regarding knowledge by the seller, All Star, of the defects in the vehicle. Absent this proof, the plaintiffs are not entitled to attorneys' fees and the trial court erred in granting this award.

"Lemon Law"
All Star also maintains that the plaintiffs are not entitled to rescission of the sale under Louisiana's "Lemon Law," LSA-R.S. 51:1941 et seq. In order to obtain rescission under the "Lemon Law" a plaintiff must prove (1) that the vehicle was sold with an express warranty; (2) that the vehicle contained a "nonconformity" or defect;[1] and (3) that, after four or more attempts, the nonconformity has not been repaired or that the vehicle is out of service by reason of repair for a cumulative total of thirty or more calendar days during the warranty period. See: LSA-R.S. 51:1941, 51:1942, 51:1944. Our review of the record reveals that the plaintiffs failed to establish a prime facie case under the "Lemon Law" entitling them to rescission of the sale: no warranty was introduced into evidence, the defects had been repaired by the time of the hearing and there was no proof offered to establish that the vehicle was out of service for reason of repair for the requisite cumulative total of thirty days. For these same reasons, the plaintiffs are not entitled to recover attorneys' fees under the "Lemon Law."
For all of the foregoing reasons, the judgment of the trial court is reversed; and judgment is hereby rendered granting the plaintiffs a reduction in the purchase price of the vehicle in the amount of $3,000.[2] Costs of this appeal are assessed one-half to plaintiffs and one-half to defendants.
REVERSED AND RENDERED.
NOTES
[1] "Nonconformity" is defined in the statute as "any specific or generic defect or malfunction, or any defect or condition which substantially impairs the use and/or market value of a motor vehicle." LSA-R.S. 51:1941(7).
[2] Since we reverse the rescission of the sale, it is unnecessary for us to address appellant's argument regarding the trial court's failure to award it a credit for use.