CRAIN, J.,
dissents.
11 Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it had he known of the vice. La. Civ.Code art. 2520. As a condition precedent to rescission, a good faith seller must be given the opportunity to repair the defect. La. Civ. Code art. 2531. A manufacturer is presumed to know of the defects in the things it sells, and therefore can never be in good faith, and is not entitled to the opportunity to repair. La. Civ.Code art. 2545; Pratt v. Himel Marine, Inc., 01-1832 (La.App. 1 Cir. 6/21/02), 823 So.2d 394, 404; writs denied, 02-2025, (La.11/1/02), 828 So.2d 572, and 02-2128 (La.11/1/02), 828 So.2d 571.
The trial court found that the RV purchased by E.P. Services contained a latent, redhibitory defect at the time of the sale (i.e. the rear differential failed, it rendered the motor home useless, and the purchaser would not have bought it had he known of the defect). I believe that finding is factu *556 ally supported by the record, and subject to the manifest error standard of review. See Rhodes v. All Star Ford, Inc., 599 So.2d 812, 814 (La.App. 1 Cir.1992). The rear differential is a major and indispensable component of a vehicle. Whether it failed from lack of oil or for some other technical reason is immaterial. The buyer need not prove the cause of a redhibitory defect, only that the thing contains such a defect. Young v. Ford Motor Co., Inc., 595 So.2d 1123, 1126 (La.1992); Morrison v. Allstar Dodge, Inc., 00-03982 (La.App. 1 Cir. 5/11/01), 792 So.2d 9, 14, writ denied, 01-2129 (La.11/2/01), 800 So.2d 878.
While the manufacturer is not due the opportunity to repair redhibitory defects, the ease of repair of such defects can be relevant to the question of whether the buyer’s remedy should be rescission or reduction of price. Dumond v. Houma Toyota, Inc.-AMC. Jeep, Inc., 470 So.2d 484, 488 (La.App. 1 Cir.1985); Dickerson v. Begnaud Motors, Inc., 446 So.2d 536, 541 (La.App. 3 Cir.), writ denied, 449 So.2d 1349 (La.1984). However, that decision is vested within the sound discretion of the trial court and cannot be overturned absent an abuse of that discretion. See La. Civ.Code art. 2541; Insurance Storage Pool, Inc. v. Parish Nat. Bank, 97-2757 (La.App. 1 Cir. 5/14/99), 732 So.2d 815, 821. I do not believe that the decision to allow a purchaser to rescind the sale of a new $130,000 vehicle when the rear differential fails at approximately 2000 miles is an abuse of discretion.
Any alteration of the risk of loss under these circumstances must be made by the legislature, not the judiciary. In Prince v. Paretti, 281 So.2d 112, 116 (La.1973), our supreme court held that “[t]he notion that easily repaired defects do not support red-hibition is not found in our statutory law.” In response to that decision, the legislature enacted Article 2531 which expressly granted the opportunity to make repairs to the good faith seller. It did not grant that right to manufacturers.
While I may not have granted a rescission in this case, it is not the role of this court to substitute our conclusions on the weight and credibility of the evidence for those of the trial court. The trial court decided that rescission was appropriate and did not abuse its discretion in doing so. I would affirm that decision relative to the manufacturer.
I would also note that Cazaubon v. Cycle Sport, LLC, 11-0289 (La.App. 1 Cir. 11/9/11), 79 So.3d 1063, is distinguishable. In Cazaubon the alleged defect |swas in the motor of the motorcycle. The motor was never replaced and the defendant’s expert at trial testified that the alleged problem could not be duplicated. The trial court found sufficient evidence to establish a defect. This court found manifest error in that determination. Here, not only was the rear differential proven defective, the manufacturer replaced it. That significant fact distinguishes Cazaubon. For these reasons, I disagree with the majority opinion and would affirm the trial court’s judgment granting a rescission.