SCHOTT, Judge.
This is an action in redhibition by Robin M. Guidry who, on February 6, 1978, purchased a 1972 Vega automobile (the odometer showed 63,325 miles) for $707.50 from defendant St. John Auto Exchange. The .bill of sale contained the following handwritten entry following the printed word “WARRANTY.”
“30 day 50-50 Warranty on Transmission & Differential only.”
Plaintiff testified: Two or three days after the sale she had trouble with the radio, air conditioning and hood latch which were repaired by defendant. Although she had trouble starting the automobile, necessitating the use of jump cables on several occasions, the car ran well until about two weeks after the sale when a piston rod broke as she proceeded along the highway. She had the car towed back to defendant, whose owner Brüce Womack offered to secure a replacement engine for which they *880 would split the cost. She would pay for the installation, and he suggested that she hire James Jouty for this purpose. Jouty installed the replacement engine but the car never started again. When she contacted Womack again he offered to apply the $707 toward the purchase of another car but he made no further efforts to repair the second engine and he refused to take the car back. She paid Womack $50 toward the cost of the second engine, $75 to Jouty to install it and another $35 for parts. She denied that Womack explained that his warranty on the automobile did not extend to the engine and stated that “he was supposed to guarantee the whole car.”
Bruce Womack testified: He had bought the automobile from a dealer in Hammond and drove it back to his shop in LaPlace, and it ran well on this trip. When plaintiff bought the automobile he advised her that the guarantee extended to the transmission and differential only and not to the engine. Within a few days after the sale he did repair the radio and the hood latch and he tuned the engine. When the car was returned to him about two weeks after the sale he reiterated to her that there was no warranty on the engine and it remained on his lot for several weeks. Out of sympathy and a desire to help plaintiff he offered to find a replacement engine for which he would pay half the cost and she would pay the other half as well as installation. Two or three weeks later she brought in $50 and he secured another engine and helped load it on Jouty’s truck when he came for it.
James Jouty testified that he was 16 years old at the time of these events and had previously applied for a job with Wom-ack. This was the first time he did any work for Womack. After talking to plaintiff he went to Womack’s place and discovered that the car had thrown a rod. The car was moved to his home and when the replacement engine arrived he installed it. The replacement engine had apparently burned up and he replaced the cylinder heads with the ones from the first engine, but because of the corrosion some additional work had to be done on the heads in order to make the engine operative. However, he gave up trying to repair the engine when he discovered that there were also problems with the engine block and the water jacket on the automobile.
The trial court awarded plaintiff a judgment rescinding the sale, ordering her to return the automobile to defendant and defendant to return the purchase price of $707.50. From this judgment defendant has appealed, specifying the following errors: 1) there was no proof that a defect existed at the time of the sale; 2) plaintiff was given only a limited warranty on the engine block; 3) the cause of plaintiff’s problem was not defendant’s failure to perform under the limited warranty but that the work was not completed by plaintiff’s mechanic in the installation of the «second engine; and 4) there was no tender of the second engine for repair or replacement.
Defendant’s position on appeal is somewhat inconsistent with the position it took in the trial court when it relied on the warranty provisions of the bill of sale and denied any warranty with respect to the engine. In order for the waiver of a buyer’s warranty against redhibitory defects to be effective it must be clear and unambiguous. LSA-C.C. Art. 2474. Furthermore, any waiver clause must be brought to the purchaser’s attention or explained to him. Prince v. Paretti Pontiac Company, Inc., 281 So.2d 112 (La.1973). Although Womack testified that he brought this to plaintiff’s attention, she testified unequivocally that Womack was supposed to guarantee the whole car. Inherent in the judgment appealed from is the court’s resolution of this conflict in favor of plaintiff.
Apparently recognizing that we accept a trial judge’s credibility call defendant now takes the position that both parties acknowledged that there was a “50-50 warranty” on the engine when they agreed to pay for the installation. Defendant would therefore regard the original purchase of the automobile as a closed matter and limit the issue on appeal to whether plaintiff is entitled to any recovery based on the failure of the second engine to run. Near the *881 end of the trial the judge observed that “a lot of hoopla” had been raised about the second engine but this was not the issue in the case. We agree with that observation.
When plaintiff bought this automobile she was entitled to the warranty against redhibitory vices provided by C.C. Art. 2520. In order for her to be entitled to a recision of the sale it was her burden to prove that the automobile was defective at the time the sale was made. She was not entitled to the presumption established by Art. 2530 in cases where the defect manifests itself within three days after the sale-because the only defects which did show up at first were minor ones unrelated to the broken piston rod. Plaintiff produced no expert witness to establish that the car must have been defective at the time of the sale considering that the rod broke only two weeks thereafter. On the other hand, plaintiff established that she did not abuse the automobile in any way and was apparently mindful of the need to maintain it since shortly after her purchase she changed the oil in the engine. She was driving along the highway at a reasonable rate of speed when the engine had thrown a rod. It seems reasonable to infer from these circumstances that a defect was present in the automobile on the date of the sale. That such an inference can be drawn in the absence of some other explanation for the defects is not inconsistent with Art. 2530. Perrin v. Read Imports, Inc., 359 So.2d 738 (La.App. 4th Cir. 1978). In an effort to prevent such an inference from being drawn, defendant offered and had plaintiff’s attorney accept a stipulation that an expert witness if called by him to testify would say:
“. . . That a rod functions until it blows and it’s not affected by other parts of the engine wearing and it’s not something — it’s not defective until it blows.
It was further stipulated that the quoted statement was general and not specifically related to the automobile in question. We are not persuaded that the stipulated testimony has the effect defendant advocates. Perhaps a piston rod could suddenly become defective on an automobile, but when this piston rod broke on this six-year old, 63,000 mile-used automobile two weeks after the automobile was purchased it seems probable that this was not a defect which just happened to develop by coincidence, after the sale was made, but more probably existed two weeks before. Defendant’s stipulation does not dispel this conclusion.
Defendant’s cooperation with plaintiff in getting a replacement engine and the subsequent work done by Jouty did not alter defendant’s basic obligation to plaintiff. It was in the nature of an offer by plaintiff to defendant to repair the defective vehicle and an attempt by defendant to do so. Prom Jouty’s testimony it appears that the automobile required more than a new engine, including a replacement block as well as replacement parts for the engine’s cooling system. Whether these were defective before the engine threw a rod or were the result of that occurrence seems irrelevant to the plaintiff’s right to redhibition.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.