FORET, Judge.
This is a suit for personal injuries, medical expenses, etc., filed by plaintiff, Daryl L. Robertson, against one J.B. Young. Judgment was rendered in favor of defendant, dismissing plaintiffs suit at his costs. Plaintiff has appealed devolutively from the trial court judgment.
The only substantial issue on appeal is whether or not the defendant, J.B. Young, was negligent and, if so, whether his negligence was a cause-in-fact of the plaintiff’s injuries. The trial court held that defendant was not negligent, and we affirm that judgment.
During March of 1983, plaintiff was invited by the defendant to tour the defendant’s farm in Powhatan, Natchitoches Parish, Louisiana, with the possibility of the plaintiff leasing the property from the defendant for farming purposes. Plaintiff is a seasoned and experienced farmer and cattleman. On March 31, 1983, on the invitation of the defendant, plaintiff went to Powhatan to meet with the defendant and to view the property. This particular property of the defendant was divided into two separate tracts by a small bayou. Plaintiff and defendant toured the front seventy acres in plaintiff’s pickup truck, but because the back tract was muddier, the defendant suggested that they use his tractor to tour that tract. The defendant took the driver’s seat of his International 856 D tractor, which is not particularly a large tractor, as shown by the photographs in evidence, and the plaintiff positioned himself on the left fender above the rear wheel facing the defendant. Plaintiff used a hand-hold located on the fender and another on the side of the tractor on the upper part of the housing near the steps used to get up on the tractor. The hand-holds are used for climbing onto the tractor. Plaintiff testified that he had ridden on tractors in this manner numerous times.
One of the things that the plaintiff testified that he wanted to see on this tour of the fields was a drainage system which consisted of one main ditch, with feeder or lateral ditches running into the main ditch. These sloped feeder ditches were approximately seven to eight feet wide and about twelve inches deep in the center. It was necessary to cross a number of these ditches while touring the tract. Plaintiff testified that he knew that they would encounter mud in this field because of a rain which occurred a couple of days earlier, but that they encountered no problem in crossing the field until they attempted to cross the last feeder ditch.
Both plaintiff and defendant testified that the tractor was being operated in low fourth gear (out of eight gears), and plaintiff testified they were only traveling at about three to four miles per hour. Plaintiff and defendant testified that defendant successfully crossed all of the previous feeder ditches by approaching the ditch at an angle with the left tire entering the ditch first, followed in succession by the other three tires. Plaintiff, in fact, testified that the defendant had gained his confidence as being able to control a tractor, knowing how to operate it and cross a ditch. Plaintiff said that crossing a ditch at an angle is the best way to cross.
When plaintiff and defendant got to the last feeder ditch that they were going to cross, they encountered a problem in crossing, and plaintiff fell from the tractor, resulting in serious injury to his left knee. Plaintiff testified that defendant entered the ditch straight on rather than at an angle, which caused the tractor to jerk or buck violently, throwing plaintiff to the ground. The defendant testified that he approached the ditch at an angle, as he had approached all of the others, but encountered more “silt” or loose mud in this ditch, which caused the tractor to come to a stop when they entered the ditch. The trial court, after listening to the differing testimony concerning how the tractor was being driven at the time, found that:
“In reviewing the testimony, the Court accepts Mr. Young’s version of how the tractor was being operated, the direction and speeds of the tractor, and finds Mr. Young to be reliable and his testimony is being accepted as truthful....
******
*1085 “While the Court has sympathy with the plaintiff for being injured, it is the ruling of this Court that there was no negligence on the part of Mr. Young, and that the plaintiff assumed the risk of being injured in the manner in which he was in fact injured.”
It is axiomatic that the trial judge is in the best position to make credibility determinations, and that reasonable evaluations of credibility and reasonable findings of fact will not be disturbed by an appellate court unless they are clearly wrong.
When faced with witnesses who testify contrary to each other as to matters of fact, the trial court may properly believe one and disbelieve the other, and we should not and will not disturb this finding of fact on appeal unless it is clearly wrong. After reviewing this record, we find no error in this factual determination of the trial court. The finding of the trial court that the defendant was free from negligence, and our affirmation of that finding, relieves us of the necessity of discussing whether or not plaintiff was contributorily negligent or that he assumed the risk of injuring himself in the way he did, etc.
The judgment of the trial court is affirmed. Costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.