484 So.2d 798 (1986)
Milford L. COFFEY and Rose H. Coffey
v.
COURNOYER OLDSMOBILE-CADILLAC-GMC, INC. and General Motors Corporation.
No. 84 CA 1276.
Court of Appeal of Louisiana, First Circuit.
February 25, 1986.
*799 John J. Erny, Jr., Larose, for plaintiffs and appellantsMilford and Rose Coffey.
Edward J. Gaidry, Houma, for defendant and appelleeCournoyer Oldsmobile-Cadillac-GMC, Inc.
Paul V. Cassia, Metairie, for defendant and appelleeGeneral Motors, Inc.
Before CARTER, SAVOIE and ALFORD, JJ.
SAVOIE, Judge.
Plaintiffs appeal the trial court's judgment dismissing their suit in redhibition.
On December 9, 1981, plaintiffs purchased a 1981 Cadillac Deville from defendant, Cournoyer Oldsmobile-Cadillac-GMC, Inc., (Cournoyer) for the sum of $13,000.00. This vehicle was sold as a new vehicle, although it was a demonstrator model with 6,291 miles on the odometer. Soon after purchase, plaintiffs experienced numerous *800 difficulties with the vehicle which required Cournoyer to keep the vehicle in the shop for extensive periods of time. Based thereon, plaintiffs filed an action in redhibition against Cournoyer and General Motors Corporation (GM), alternatively pleading quanti minoris. Subsequently, Cournoyer filed a third-party demand against GM seeking indemnification for all sums it was liable for plus attorney's fees.
The trial court, after considering the difficulties encountered by plaintiffs and the repairs made by Cournoyer, found that plaintiffs had failed to prove facts sufficient to justify either a recision of the sale or a reduction of the purchase price. Based thereon, it dismissed plaintiffs' suit.
Plaintiffs appeal, contending that the trial court erred in:
1. Finding that redhibition did not exist under the facts found by it and in the factual situation presented to it,
2. Not finding that multiple defects can collectively form the basis of a redhibitory vice, and
3. Finding that plaintiff had the burden of proving the nature of the popping noise in the engine and why the exhaust manifold cracked four times.

ASSIGNMENT OF ERROR NO. 1
Plaintiffs assert that the trial court erred in finding that redhibition did not exist under the facts presented herein. We agree.
Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold which renders the thing either absolutely useless or its use so inconvenient and imperfect that it must be supposed that the buyer would not have purchased it had he known of the vice. LSA-C.C. art. 2520. To sustain a suit in redhibition, a purchaser must prove that: (1) the thing sold is absolutely useless for its intended purpose or its use so inconvenient that had he known of the defect, he would never have purchased it; (2) the defect existed at the time of sale but was not apparent; and (3) the seller was given an opportunity to repair the defect. Purvis v. Statewide Trailer Sales, Inc., 339 So.2d 403 (La.App. 1st Cir.1976). A purchaser may also request a reduction in the price where the lack of quality of the thing purchased is not of such importance as to warrant complete avoidance of the sale. LSA-C.C. art. 2542. Both actions are subject to the same burdens of proof. LSA-C.C. art. 2544.
In the instant matter, the record reflects that on at least four separate occasions, the vehicle failed to start after having been stopped. Additionally, plaintiffs testified that on a trip to Alabama, they were required to call a wrecker service to tow them to a service garage for this same starting problem. Each time the evidence indicates that the problem was caused by various electronic problems. While this starting problem appears to have been rectified, the record clearly indicates that plaintiffs sustained great inconvenience due to the extended periods Cournoyer kept the vehicle to repair same. On three separate occasions, the vehicle required repair of its 4-6-8 cylinder mode. Several different causes were discovered for these malfunctions. Again, Cournoyer kept the vehicle for extended periods. Plaintiffs also testified that the vehicle's exhaust manifold has been replaced four times for being cracked. Cournoyer continues to replace the defective part without ever resolving its cause. Additionally, the vehicle's engine continues to emit a popping noise which to date has never been remedied. We find that such maladies experienced on a continual basis without resolution constitute defects sufficient to invoke a redhibitory action. However, plaintiffs testified that by the time of trial, they had driven the vehicle about 32,000 miles since the purchase.
Based upon the foregoing facts, we find, as did the trial court, that recision of the sale would be inappropriate. Nevertheless, we note that these defects diminished the utility of the vehicle and as such, constitute a partial failure of consideration. Welch v. Community Motors, Inc., 422 *801 So.2d 1196 (La.App. 1st Cir.1982), writ denied, 426 So.2d 177, 181 (La.1983); and Wade v. McInnis-Peterson Chevrolet, Inc., 307 So.2d 798 (La.App. 1st Cir.1975). In such instances, we are authorized to grant a reduction in the purchase price rather than a recision. LSA-C.C. art. 2543; Welch, supra.
The court in Menville v. Stephens Chevrolet, Inc., 300 So.2d 858, 861-862 (La.App. 4th Cir.), writ denied, 303 So.2d 186 (La. 1974), when considering calculations for a reduction in price stated that:
When a judge orders reduction of the sale price, one of the principal elements in formulating the award is the cost of repairing the defects which existed at the time of the sale. The cost of repairs, however, is not necessarily the sole measure of the diminution of value resulting from these defects. If the defects are few in number and quickly and simply remedied, the cost of repair may well be the only consideration. But when the defects are numerous and the repairs lengthy and frequent, then a greater reduction is warranted, because a forewarned buyer would not reasonably pay the full price, reduced only by the cost of repairs, if he knew the extensive repairs of the defects would significantly curtail his use and cause him considerable inconvenience and aggravation. The diminution which the trial judge may decree under C.C. art. 2543 is theoretically the difference between the sale price and the price the reasonable buyer and seller would have agreed upon if they had known of the defects.
We find that based upon the extended periods of time during which Cournoyer had possession of the vehicle to fix the numerous recurring problems; the inability to diagnose and remedy the engine popping noise; and the inability to diagnose the cause for continual exhaust manifold breaks, a reasonable, rational, well informed buyer would have paid only Nine thousand and no/100 ($9,000.00) Dollars for this vehicle. Accordingly, we reduce the price of the vehicle to same.

ASSIGNMENTS OF ERROR NOS. 2 AND 3
Having previously determined grounds sufficient to reverse the trial court's judgment, any discussion of Assignments of Error Numbers 2 and 3 is hereby pretermitted.

THIRD PARTY DEMAND
The trial court, having found plaintiffs failed to prove their case, never reached the third-party claim of indemnification and attorney's fees. As such, the record is so incomplete, the court is unable to pronounce definitely on this issue. Accordingly, we remand the case for a proper presentation of evidence and a determination thereon. Crews v. Crews, 432 So.2d 377 (La.App. 1st Cir.1983).
Based upon the foregoing, we reverse the judgment of the trial court and award plaintiffs the sum of Four thousand and no/100 ($4,000.00) Dollars for reduction in sale price together with legal interest from date of judgment by the trial court. Further, this case is remanded for a determination of Cournoyer's third-party demand. Appellees are to pay all costs.
IN PART REVERSED AND RENDERED, AND IN PART REMANDED.