YELVERTON, Judge.
This suit arose from an automobile accident which occurred in Lafayette, Louisiana. Anthony Francis filed suit for personal injuries and property damages allegedly sustained in the accident. The driver of the other vehicle, Evelyn Constantine, was named as a defendant along with her liability insurer, State Farm Mutual Automobile Insurance Company. The defendants filed a reconventional demand against Francis for property damages to the Constantine’s vehicle. After a three day jury trial, a verdict was returned in favor of Constantine and State Farm. The jury concluded that Anthony Francis’ improper driving was the legal cause of the accident and awarded Evelyn Constantine and State Farm $739.75 in damages. Francis has appealed this judgment. After a careful review of the record, we affirm the decision of the trial court.
This case presents only a question of fact. On November 28, 1984, an automobile accident occurred near the intersection of East Simcoe and Louisiana Avenue in Lafayette, Louisiana. Constantine was driving her car with her 32 year old daughter, Susan Olivier, seated in the front passenger seat. She made a right turn from Louisiana Avenue onto East Simcoe and was on East Simcoe when the accident occurred. Francis was driving his car with his friend, Carl Frank, seated in the front passenger seat. Both parties were headed in the same direction on East Simcoe when the right side of the Francis’ vehicle struck the left side of the Constantine’s vehicle.
The intersection of East Simcoe and Louisiana Avenue was controlled by working traffic signals. It was highly disputed which driver had the green light at the intersection. Both Constantine and her passenger, Olivier, testified that they had a green light when they made a right turn from Louisiana Avenue onto East Simcoe. They said they were stopped behind another car on Louisiana Avenue before making the right turn and that, while they were stopped at the traffic light, their signal changed from red to green. After the light turned green, the car ahead of them proceeded to make a right turn onto East Simcoe. Constantine followed the preceding motorist and also made a right turn onto East Simcoe. After travelling 75 to 100 feet past the turn, the side of her vehicle was hit by Francis. Constantine testified that her car only “jerked” when it was hit and did not move after being hit. Her vehicle was struck on the left fender.
Francis and Carl Frank, his passenger, testified that they had a green light when they entered the intersection. Gloria Paris, an eyewitness not related to either party, also testified that Anthony Francis had the green light at the time of the accident.
On appeal, the issue is whether the jury erred in not believing the testimony of *828 plaintiff and plaintiffs witnesses on the issue of liability.
The evidence presented at trial clearly supports the jury’s finding that no act of Constantine was the legal cause of this accident. The standard of review to be applied by the reviewing court is that the finder of fact’s conclusion should be upheld unless it is clearly wrong. Watson v. State Farm Fire and Casualty Insurance Company, 469 So.2d 967 (La.1985).
There was no evidence that the traffic light was malfunctioning. Since both parties and their witnesses testified each party had the green light, the verdict was based upon the credibility of the witnesses. Where there is a conflict in testimony, we cannot disturb reasonable evaluations of credibility and reasonable inferences of fact made by the trial court. Chapman v. Belden Corp., 428 So.2d 396 (La.1983). Wflien faced with witnesses who testify contrary to each other as to matters of fact, the trial court may properly believe one and disbelieve the other. Robertson v. Young, 479 So.2d 1083 (La.App. 3rd Cir.1985), writ denied 481 So.2d 1354 (La.1986).
Appellant relies upon Alexander v. St. Paul Fire and Marine Insurance Co., 312 So.2d 139 (La.App. 1st Cir.1975), writ denied 313 So.2d 846 (La.1975), in support of the argument that the testimony of Ms. Paris, a disinterested witness, should have been given greater weight than the testimony of party witnesses. We recognize that the testimony of disinterested witnesses is to be given great weight. Paguin v. Stockman, 203 So.2d 419 (La.App. 3rd Cir.1967). But the “apparently disinterested witness” must also pass the credibility test for his testimony to be entitled to that weight. Alexander, supra.
The trial courts’ conclusion that Francis’ conduct was the legal cause of the accident is not clearly wrong. The judgment from which this appeal was taken is affirmed at appellant’s costs.
AFFIRMED.