542 So.2d 831 (1989)
Dorothy SMITH, Plaintiff-Appellant,
v.
GENERAL MOTORS ACCEPTANCE CORP., et al., Defendants-Appellees.
No. 88-70.
Court of Appeal of Louisiana, Third Circuit.
April 19, 1989.
W. Glenn Soileau, Breaux Bridge, for plaintiff-appellant.
Onebane, Donohoe, James E. Diaz, Jr., Voorhies & Labbe, Robert P. Brenham, Lafayette, for defendants-appellees.
Before GUIDRY, STOKER and KING, JJ.
GUIDRY, Judge.
Plaintiff, Dorothy Smith, appeals a judgment of the trial court which dismissed her suit in redhibition (La.C.C. art. 2520 et seq.) and under the "Lemon Law" (La.R.S. 51:1941 et seq.) against defendants, General Motors, Inc., Domingue Motors, Inc. and General Motors Acceptance Corporation. We affirm.
At trial only two witnesses testified: plaintiff and Louis Roland Green, the service manager and a thirty-year employee of the seller, Domingue Motors. The learned trial judge, in well written reasons for judgment (attached as Appendix I), rejected plaintiff's demands in redhibition finding that she failed to establish by a preponderance of the evidence that there was a vice or defect in the automobile purchased which rendered it absolutely useless or its use so inconvenient and imperfect that it must be supposed that she would not have purchased it had she known of the defect. Plaintiff's demand under La.R.S. 51:1941 et seq. was likewise rejected for lack of proof and for the further reason that at the time suit was instituted plaintiff no longer had title to the vehicle and was therefore incapable of complying with La.R.S. 51:1945.
On appeal, appellant urges error in the trial court's assessment of the quality of proof submitted in support of her demands. The ultimate determination with regard to the existence or non-existence of a redhibitory defect under La.C.C. art. 2520 et seq. and/or a "Nonconformity" under La.R.S. 51:1941 et seq., is a question of fact for the trial court which should not be disturbed in the absence of clear or manifest error. Newman v. Dixie Sales and Service, 387 So.2d 1333 (La.App. 1st Cir.1980); Calandro's Supermarket, Inc. v. Hussman Refrigeration, Inc., 525 So.2d 316 (La.App. 1st Cir.1988). We have carefully reviewed the record in this case and discern no clear *832 error in the trial court's conclusions. Accordingly, the judgment appealed from is affirmed at appellant's cost.
AFFIRMED.

APPENDIX I

16th Judicial District Court

Parish of St. Martin

State of Louisiana

Dorothy Smith

Versus

GMAC and Domingue Motors

Number 41682-F

REASONS FOR JUDGMENT
This is a redhibition suit involving a 1985 Chevrolet Cavalier purchased by plaintiff from defendant, Domingue Motors (now Martin Chevrolet), on January 25, 1985, for a total purchase price of $13,303.52. Trial of this matter was held on June 2, 1987. Plaintiff's entire case consisted of her own testimony, the testimony of Roland Green, service manager for Domingue Motors, under cross, and the introduction of three exhibits: invoices, warranty booklet covering the vehicle in question, and plaintiff's vehicle mechanical breakdown insurance policy. On completion of plaintiff's case, the defense rested, and the matter was taken under advisement.
To sustain the burden in a suit in redhibition, a purchaser must prove that: (1) the thing sold is absolutely useless for its intended purpose or its use is so inconvenient that had he known of the defect, he would not have purchased it; (2) the defect existed at the time of sale but was not apparent; and (3) the seller was given an opportunity to repair the defect. Coffey v. Cournoyer Oldsmobile-Cadillac-GMC, Inc., 484 So.2d 798 ([La.App.] 1st Cir.1986). Should the good-faith seller fail to repair or remedy the defect, or be unable to do so, he must restore the purchase price to the buyer as well as reimburse the buyer for reasonable expenses of the sale. Louisiana Civil Code Article 2531. It is clear that this remedy constitutes a recission of the sale and contemplates the return of the vehicle to the seller. If, however, the defects merely diminish the utility of the vehicle rather than render it absolutely useless for its intended purpose, a recission would not be appropriate; instead this would constitute a partial failure of consideration, in which case the Court is authorized to grant a reduction in the purchase price rather than a recission. Louisiana Civil Code Article 2543; Coffey, supra.
At the outset, it should be noted that plaintiff did not at the time of trial have possession of the vehicle at issue. It was repossessed by GMAC because of plaintiff's failure to pay the notes. Thus, plaintiff's only remedy, if any, is for a reduction of the purchase price. In Bendana v. Mossy Motors, Inc., 347 So.2d 946 ([La.App.] 4th Cir.1977), the plaintiff in a redhibition action had previously traded the allegedly defective vehicle in for another. The Court summarized the law as follows:
"Return of price is the result of redhibition; C.C. 2531 and 2545. But because redhibition is the `avoidance of a sale', C.C. 2520, it entails obliging the buyer to return the thing unless the thing `has perished through the badness of its quality', C.C. 2532, or its `loss was not occassioned by the fault of the purchaser', C.C. 2536. Here the thing has neither perished nor been lost; it has been sold or exchanged. A buyer who has resold the thing cannot demand return, but only reduction, of the price, Brown v. Duplantier, La. 1823, 1 Mart.N.S. 312. Accordingly, plaintiff's only remedy is for `a reduction of the price', C.C. 2541 and 2543, an action `subject to the same rules... as the redhibitory action', C.C. 2544." Bendana, at 950.
This principle was affirmed by the First Circuit in Gustin v. Shows, 377 So.2d 1325 ([La.App.] 1st Cir.1979). We find that the enunciated principle is sound law, and further find that the requirement that the buyer in a redhibition suit be capable of returning the thing to the seller before he is entitled to a recission of the sale, applies to Louisiana Civil Code Article 2531, et seq., as well as those seeking relief under Louisiana Revised Statutes 51:1944, commonly *833 referred to as the "Lemon Law", the category in which plaintiff has attempted to pigeon-hole this case.
The fact that plaintiff no longer has possession of the vehicle is not the sole dispositive factor that directs this Court to reject plaintiff's redhibition claims. Even if plaintiff was in a position to tender the vehicle back to defendant, the result would be the same, since plaintiff has not met the burden necessary to prevail in redhibition.
Plaintiff's evidentiary burden in this case is that the proof must be more probable than not. Ezell v. General Motors Corp., 446 So.2d 954 ([La.App.] 3rd Cir.1984), writ denied 449 So.2d 1350 [La.]. When making this determination, the finder of fact should accept testimony which is in accord with the surrounding circumstances and common sense, and it is not required to accept or reject testimony of each witness in toto. Hanks v. Calcasieu Parish Policy [Police] Jury, 479 So.2d 1010 ([La.App.] 3rd Cir.1985), writ denied 481 So.2d 1354 [La.1986]; Valley Elec. Membership Corp, Inc. v. Wallace, 465 So.2d 986 ([La.App.] 3rd Cir.1985). When faced with witnesses who testify contrary to each other as to matters of fact, the Trial Court may properly believe one and disbelieve the other. Robertson v. Young, 479 So.2d 1083 ([La.App.] 3rd Cir.1985), writ denied 481 So.2d 1354 [La.1986].
In the present case, plaintiff testified that between January of 1985, when she purchased the vehicle, and December of 1985, when she lost possession, she returned the vehicle to the defendant some fifteen to twenty times for repairs. Plaintiff's most serious complaint was that periodically the engine failed to start, or, once started, would abruptly stop. However, plaintiff presented no evidence which showed that this alleged defect existed at the time of sale. In fact, the evidence established that the first complaint of engine failure made by plaintiff to defendant was on June 16, 1985, almost five months after the purchase. Furthermore, Roland Green, service manager for Martin Chevrolet (previously Domingue Motors), testified most convincingly that in a great number of instances when plaintiff complained of engine problems, none could be found and the complained of problems could not be reproduced either by the plaintiff or by representatives of defendant. Only two times did the engine not start immediately and Green testified that the source of these particular failures was a burned armature, which could likely have been caused by improper starting procedures which plaintiff admittedly used. When questioned at trial about her manner of starting, plaintiff's responses were evasive and contradictory. They were also markedly inconsistent with her earlier deposition testimony. Consequently, we find that plaintiff has not proven that the alleged engine defect or nonconformity existed at the time of sale, or even that an inherent engine defect existed at all.
Alternatively, plaintiff alleges that when there are a number of defects which render a vehicle's use so inconvenient and imperfect that a reasonable man would not have purchased it had he known, he may be entitled to a recission of the sale. This Court also recognizes that if these cumulative defects merely diminish the utility of the vehicle, plaintiff would be entitled to a recovery in quanti minoris, or a reduction in the purchase price.
Based on the number of times plaintiff brought the vehicle in for repair, it would appear that there was a sufficient cummulation of defects, entitling plaintiff to recover. However, this Court finds that many of plaintiff's complaints were unsubstantiated in fact, and the others, for example, brake noise, oil leak, were satisfactorily remedied by defendants. Plaintiff was not a convincing witness, and failed to meet her burden of proof. The evidence did not establish that the utility of plaintiff's vehicle was diminished in any significant respect by any inherent defect or defects.
Consequently, this Court finds in favor of defendants, and dismisses plaintiff's claims, at her cost.
THUS DONE AND SIGNED in Chambers at Franklin, St. Mary Parish, Louisiana, on this 20th day of August, 1987.
*834
 /s/ Michael J. McNulty
 DISTRICT JUDGE