WILLIAMS, Judge.
This is a redhibition suit seeking rescission of the sale of á used automobile which contained alleged redhibitory defects. Plaintiffs, Linda C. and Eddie J. Cornelious, filed suit against defendant, Bailey Lincoln-Mereury, Inc., in Civil District Court for the Parish of Orleans, and the case was referred to a Commissioner for trial. The Commissioner held that there was insufficient evidence to sustain an action in redhibition and ruled in favor of defendant. The district court accepted the Commissioner’s findings and recommendation, and the judgment was made final.
Plaintiffs appeal, alleging generally that 1) the district court erred in accepting the recommendation of the Commissioner and dismissing their claim with prejudice; and 2) the trial court erred in disallowing evidence as to general damages.
After review of the record and applicable law, we conclude that the trial court correctly denied plaintiffs’ claim for rescission of the sale because plaintiffs failed to prove that the automobile had a defect which rendered it absolutely useless or its use so inconvenient and imperfect that it must be supposed that plaintiffs would not have purchased it had they known of the vice. Next, we hold that the trial court erred in failing to award a reduction in the purchase price of the vehicle, as the record shows that the defect in the vehicle diminished its value and resulted in a partial *87 failure of consideration. Accordingly, we reverse in part the judgment of the trial court.
On May 4, 1985, plaintiffs purchased from defendant a 1984 Mazda 626 for approximately $11,768.50 plus interest, a total price of $15,454.56. The car was a “demo” model with 10,580 miles on the odometer. There is no evidence in the record to show that plaintiffs declared any desire to purchase a “new” vehicle.
On May 13, 1985, nine days after the purchase, Mr. Cornelious returned the car to Bailey to be serviced for problems with the front end alignment, rotation and balancing of the wheels, a broken power antenna, and an oil and transmission fluid change. In June, 1985, Mr. Cornelious again returned the car to Bailey, complaining that he would lose control of the car when he hit a bump in the road. On July 10, 1985, the car was again brought in for alignment. On July 29, 1985, the vehicle’s front end was repaired. In September, 1985, Bailey replaced and balanced all four tires free of charge.
Within months of the purchase, plaintiffs drove the car to South Carolina, where the front end “collapsed.” A dealer in South Carolina repaired the car so that plaintiffs could return home. Upon their return to New Orleans, plaintiffs brought the car back to Bailey for repairs. Mr. Cornelious testified that the car was never properly repaired.
Willie Thomas, an expert in engine, transmission and rear end repair, testified for plaintiffs. He stated that he examined the car in 1987 and determined from the condition of the frame that the car had at some time been totaled. The Commissioner found that no proof was offered to establish that the condition observed by Thomas in 1987 existed at the time of sale in 1985. However, plaintiffs introduced into evidence numerous documents, including a Bailey repair invoice dated February 13, 1984 (fifteen months before the sale) showing numerous repairs to the car with an estimated value of $6,285.97 (plus $565.74 in tax). The invoice shows repairs to the hood, fender, hinges, molding and frame, among other things.
Harry Lange, the salesman who sold the car to plaintiffs, testified for defendant. He stated that he never represented to plaintiffs that the car had never been wrecked and in fact was unaware of any previous accident to the car at the time of sale.
Gerald D. Smith, an independent automobile appraiser, also testified for the defendant. Mr. Smith examined the automobile on March 14, 1986 (ten months after sale). At that time, the car had 33,487 miles on it. He observed “very fresh damage” to the “front valance panel and the engine slash shield,” part of the undercarriage of the car. He testified that there was evidence that the car had been repaired previously, but could not determine how extensive the damage had been except to note that the frame had been bent. He testified that the car performed flawlessly in a road test, with the exception of a slight pull to the right. Smith stated that the car should continue to perform well as long as it is properly cared for.
At the beginning of trial, the parties stipulated that at the time of trial in June, 1988, the car had in excess of 93,000 miles on the odometer.

Redhibition and Reduction

A purchaser is entitled to rescission of the sale if a defect in the thing sold renders it absolutely useless or its use so inconvenient and imperfect that an informed buyer would not have purchased it. LSA-C.C. art. 2520. In a suit for redhibition, the purchaser must prove that at the time of sale the thing contained a vice or defect which was not apparent by ordinary inspection and which rendered the thing unfit for its intended use or its use so inconvenient or imperfect that it must be supposed that the buyer would not have purchased the thing had he known of the vice or defect. Millspaw v. Knight, 430 So.2d 1207, 1208 (La.App. 1st Cir.1983); Washington v. Morein Motor Company, Inc., 488 So.2d 325, 327 (La.App. 3d Cir.1986); Jofforion v. Leglue Buick, Inc., 399 So.2d 762 (La.App. 3d Cir.1981).
*88 A plaintiff may also recover in red-hibition where “(a) declaration [is] made in good faith by the seller, that the thing sold has some quality which it is found not to have, ... if this quality was the principal motive for making the purchase.” LSA-C.C. art. 2529. The underlying theory of this article is not the existence of a defect, but rather, that a contract may be rescinded based on error, fraud or duress which vitiates consent at the contract's inception. Boteler v. Taquino, 517 So.2d 377 (La.App. 5th Cir.1987).
Absent an express waiver, the warranty against redhibitory defects applies also to used automobiles, see Guidry v. St. John Auto Exchange, 379 So.2d 878, 881 (La.App. 4th Cir.1980); Guillory v. Morein Motor Company, Inc., 322 So.2d 375, 378 (La.App. 3d Cir.1975), modified to exclude the kind of repairs one might reasonably expect in buying a used car, see Hellman v. Comeaux, 353 So.2d 407, 409 (La.App. 4th Cir.1977). Cf. Dunn v. Pauratore, 387 So.2d 1227, 1231 (La.App. 1st Cir.1980).
Pursuant to LSA-C.C. art. 2543, the judge in a redhibitory suit may award a reduction of the purchase price rather than rescission of the sale. Although by definition a redhibitory defect is one that would entitle the purchaser to a rescission of the sale, the term is often used in reference to a defect which merely warrants a reduction of the price. Millspaw v. Knight, 430 So.2d at 1208 n. 4. An action in quanti minoris is governed by the same rules as suits in redhibition. LSA-C.C. art. 2544. Where the evidence establishes only a partial failure of consideration and the court finds that the defect in the thing has merely diminished its value, a reduction may be granted. Cernigliaro v. Marquis Marine, Inc., 381 So.2d 886, 888 (La.App. 2d Cir.1980), citing Wade v. McInnis-Peterson Chevrolet, Inc., 307 So.2d 798 (La.App. 1st Cir.1975).
In the instant case, it is evident that the automobile was damaged and received extensive repairs to the front end in February, 1984, fifteen months prior to the sale. It is also evident that plaintiffs experienced problems with the front end which began in the first days after the sale and persisted despite repair. Nevertheless, because plaintiffs used the car for three years after the sale and drove it in excess of 83,000 miles, we cannot say that the defects rendered the car either useless or so inconvenient and imperfect that plaintiffs would not have purchased it had they known of the vice. See Coffey v. Cournoyer Oldsmobile-Cadillac-GMC, Inc., 484 So.2d 798, 800 (La.App. 1st Cir.1986); Baham v. Community Motors, Inc., 428 So.2d 867, 870 (La.App. 1st Cir.1983); Nelkin v. Piotrowski, 448 So.2d 173 (La.App. 5th Cir.1984). Thus, plaintiffs are not entitled to rescission under LSA-C.C. art. 2520.
Next, we cannot say that the trial court erred in finding that, at the time of the sale, the defendant did not misrepresent that the car had some quality which it, in fact, did not have. Although plaintiffs claim that the defendant told them the car had never been wrecked, the salesman who sold the car to plaintiffs testified to the contrary. Further, the record does not show that plaintiffs’ principal motive in buying the car was the purchase of a new automobile. Thus, plaintiffs are not entitled to rescission of the sale under LSA-C.C. art. 2529.[1]
We conclude, however, that the plaintiffs are entitled to reduction of the purchase price. We recognize that plaintiffs benefited from the use of the car for *89 83,000 miles after purchase. However, it is clear that if plaintiffs had known the car had been wrecked and required frequent repairs to its front end, they would not have paid $11,768.50 plus interest for the car and would have nevertheless received the same benefits from its use.
When a reduction is granted, the amount of the diminution is “the difference between the sale price and the price the reasonable buyer and seller would have agreed upon if they had known of the defects.” Menville v. Stephens Chevrolet, Inc., 300 So.2d 858, 862 (La.App. 4th Cir.1974), writ den. 303 So.2d 186 (La.1974); Coffey v. Cournoyer Oldsmobile-Cadillac-GMC, Inc., 484 So.2d at 801; Robert v. Bayou Bernard Marine, Inc., 514 So.2d 540, 546 (La.App, 3d Cir.1987), writs den. 515 So.2d 1107-08 (La.1987). In determining the amount of the reduction, the court may consider not only the cost of repairing the defects which existed at the time of the sale, but also loss of use as well as inconvenience to the buyer. Id.
In this case, the Bailey invoices which were admitted into evidence show that plaintiffs did not incur any costs for the repair of the vehicle’s front end (i.e., repairs related to the vice which existed at the time of the sale). However, plaintiffs did suffer considerable inconvenience as a result of the defects in the car. We conclude that $1,500.00 is the difference between the sale price and the price a reasonable buyer and seller would have agreed upon had the defect been known by both parties. Accordingly, we award a $1,500.00 reduction in the purchase price of the vehicle.

Attorney Fees and Damages

LSA-C.C. art. 2545 provides that a seller who knows of the vice in the thing that he sells and omits to declare it is answerable for reasonable attorney fees and damages. Although the salesman indicated that he did not know the car had been wrecked, the record in this case unequivocally shows that, before the sale, Bailey not only knew that the car had been wrecked and repaired, but also that problems with the car’s front end persisted even after repair. The Bailey invoices admitted into evidence show that Bailey performed the extensive repairs to the car in February, 1984. Subsequently, in September, 1984, Bailey aligned and repaired the front end. In December, 1984, Bailey rechecked the alignment. Also in December, 1984, Bailey replaced the left front strut “due to [its] leaking badly” and “due to noise & wreck.” While we do not hold that a car dealer has an unqualified obligation to inform a buyer that a car has been wrecked and repaired, we do hold that Bailey had an obligation under these circumstances to inform plaintiffs of the defect in the car’s front end. Bailey knew of the vice in the car and omitted to declare it and is therefore answerable in attorney fees. We consider that $2,000.00 is a reasonable award for attorney fees in this case.[2]
Plaintiffs contend the trial court erred in disallowing evidence concerning damages to their marital relationship resulting from defects in the car. We find no error in the trial court’s ruling, as this is not the type of damages contemplated under LSA-C.C. art. 2545.
For the foregoing reasons, we affirm the judgment of the district court denying rescission of the sale and reverse the judgment insofar as it failed to grant a reduction and attorney fees. Judgment is hereby rendered in favor of plaintiffs, granting a reduction in the purchase price of the vehicle in the amount of $1,500.00 and attorney fees in the amount of $2,000.00.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.

. Danilson v. Crown Buick, Inc., 480 So.2d 503 (La.App. 5th Cir.1985), cited by plaintiffs in support of their argument that they are entitled to rescission of the sale because the seller has an unqualified obligation to inform the buyer that a car has been wrecked prior to sale, is distinguishable on the facts. Unlike the instant case, plaintiff in Danilson unequivocally expressed her desire and intention to buy a new car (this was a principal motive), and defendant deliberately concealed the fact that the car had been wrecked, misrepresenting to plaintiff that the car was “like new” with a new car warranty. Thus the court held that the defendants committed fraud on the plaintiff and that plaintiff's consent was vitiated. The record in the instant case does not show that plaintiffs' principal motive was the purchase of a new car or that the defendant misrepresented to plaintiffs that the car had never been wrecked.

. Because Bailey knew of the vice in the car, it is not entitled to a credit for the purchaser’s use, which is provided to a good faith seller under LSA-C.C. art. 2531.