670 So.2d 447 (1996)
E.C. EVANS, Plaintiff-Appellant,
v.
TUDOR CONSTRUCTION, Defendant-Appellee.
No. 95-1029.
Court of Appeal of Louisiana, Third Circuit.
January 31, 1996.
*449 John Taylor Bennett, Marksville, Edward Kaplan, Alexandria, for E.C. Evans.
Russell L. Potter, Alexandria, for Tudor Construction.
Henry Gregory Walker Jr., Alexandria, for Brookshire Grocery Company.
Daniel G. Brenner, Alexandria, for City of Alexandria.
Joseph B. Stamey, Natchitoches, for J.B.C. &E.
George Carnal Gaiennie III, Alexandria, for Charlie Carlisle.
Before YELVERTON, WOODARD and AMY, JJ.
WOODARD, Judge.
The plaintiff E.C. Evans and the intervenor, the City of Alexandria, appeal a jury verdict finding that the defendant, Brookshire Grocery Company, was not liable for the injury Evans sustained as a result of a mishap on Brookshire's property.

FACTS & ACTIONS OF THE COURT
On May 12, 1993, Evans was in the course and scope of his employment as an electrical inspector for the City of Alexandria when he allegedly hurt himself at Brookshire's Super One Food Store in Alexandria. Evans alleged in his petition, and maintained at trial, that upon arriving at Super One Foods to *450 conduct an electrical inspection, he stepped on a piece of concrete as he was exiting his truck, twisting and injuring his back. However, Brookshire presented evidence at trial that Evans initially related to clerk Nina Tyler on the day of the accident, for the purpose of completing an accident report, a different version of how he hurt himself. According to the report, he had stepped on a piece of concrete as he was traversing the store's parking lot, after he had already left his truck and not as he was getting out of it.
Individually and on behalf of his minor son, Evans sued Brookshire and a number of other parties, including construction contractors and subcontractors. The City of Alexandria, who had paid Evans worker's compensation benefits, intervened in the suit. The other defendants settled or were otherwise dismissed before the trial commenced. After a trial of the matter, a unanimous jury returned a verdict in favor of Brookshire, finding that it was not at fault for any injury Evans may have sustained as a result of the accident alleged. Evans and the City of Alexandria have appealed that verdict.

ASSIGNMENTS OF ERROR
Evans represents that the trial court erred: 1) in not holding that Brookshire was solely at fault in causing his injuries; 2) in not allowing OSHA (Occupational Safety and Health Administration) and ANSI (American National Standards Institute) materials to be admitted into evidence and in not allowing Evans to question witnesses about OSHA and ANSI standards; 3) in not allowing testimony about loss of future earning capacity; and 4) in modifying, or not giving, five of Evans's jury instructions.
We find all of the plaintiff's assignments meritless and affirm.

LAW & ARGUMENT

MANIFEST ERRORCLEARLY WRONG
The manifest errorclearly wrong standard is the standard to be applied to appellate review of fact. Stobart v. State Through DOTD, 617 So.2d 880 (La.1993). This means that this court may not set aside a trial judge or jury's finding of fact unless that finding is manifestly erroneous or clearly wrong. Id. To reverse the judge or jury on its finding of fact, we must both find, after a review of the record in its entirety, that there is no factual basis for its finding, and that the finding is clearly wrong or manifestly erroneous. Id. The issue is not whether the jury or judge is right or wrong; it is whether the conclusion was reasonable. Id.
As to conflicting testimony, if the judge or jury's inferences of fact and evaluations of credibility are reasonable, they should not be disturbed by us, even if we think our own evaluations and inferences are more reasonable. Id. The Louisiana Supreme Court has emphasized that we may not reverse the trier of fact, even where we would have weighed the evidence differently than it, if the trier's finding is reasonable in light of the record reviewed in its entirety. Id. Thus, the factfinder's choice between two permissible views of the evidence cannot be manifestly erroneous or clearly wrong. Id. Nevertheless, even a finding purportedly based on a credibility determination may be clearly wrong-manifestly erroneous, where documents or objective evidence so contradict the witness's story, or the story itself is so internally implausible on its face, that a reasonable factfinder would not credit the witness's story. Id.
The Louisiana Supreme Court has held that this well-settled principle of review is based on the trial court's better capacity to evaluate live witnesses, whereas a court of appeal has access only to a cold record, and on the proper allocation of trial and appellate functions between the respective courts. Id.
The plaintiff has the burden of proving that the property which caused the damage was in the "custody" of the defendant, that the property had a condition that created an unreasonable risk of harm to persons on the premises, and that the defect was a cause in fact of the resulting injury. Gardner v. Campbell, 532 So.2d 292 (La.App. 3 Cir.), writ denied, 534 So.2d 446 (La.1988). Hence, the threshold question of whether Brookshire had custody of the property could *451 have been reasonably resolved in Brookshire's favor.
Additionally, even if Brookshire had been found to have had custody of the premises, that does not make it, as owner, the guarantor of the safety of pedestrians on his premises. Id. Brookshire, as owner and custodian, had only a duty to keep its property in a reasonably safe condition. Id. Brookshire, if it were first found to have custody, then had a duty to discover any unreasonably dangerous condition on the premises and either correct the condition or warn potential victims of the condition's existence. Id. Evans was fully familiar with the condition of the premises, having visited the site numerous times and should have needed no warnings. Notwithstanding, there were plenty of warnings on the property, as we discuss below.
Furthermore, evidence was presented that Evans may have given disparate versions of how he was hurt. At trial, Evans attempted to explain away the different versions by contending that Nina Tyler, who typed the accident report from handwritten notes she took as he told her what had happened, must have misunderstood him. Tyler's testimony is clear, however: it was her understanding that the accident happened in the parking lot between Evans's truck and the store. To further complicate matters, after insisting all through trial that the "truck version" was the way it really happened, the plaintiff then states in his appellate brief that "he tripped over a piece of concrete ... in the parking lot of Super One Foods." (Emphasis added.) As the sine qua non of this case is whether his injuries were caused by the fault of Brookshire, the variant versions may have had a bearing on the jury's appreciation of Evans's credibility, and thus on their ultimate finding in favor of Brookshire, as they pondered, for instance, whether he in fact was injured because of an accident on Brookshire property, and if so, whether the accident was caused by Brookshire's fault or his own. Such inferences of fact and evaluations of testimony would have been entirely reasonable and could be said to have their justification in the jury's noted better capacity to evaluate live witnesses. Stobart, 617 So.2d 880. The trier of fact may accept or reject all, none, or part of a witness's testimony, LaHaye v. Allstate Ins. Co., 570 So.2d 460 (La.App. 3 Cir.1990), writ denied, 575 So.2d 391 (La.1991), and when witnesses testify contrary to each other as to facts, the finder or trier of fact may properly believe one and disbelieve the other. Francis v. Constantine, 520 So.2d 826 (La. App. 3 Cir.1987).
Even if Evans's contradictions had not cast doubt on his credibility, there was plenty of evidence which would allow the jury to reasonably conclude that the accident was entirely his fault. For example, Evans knew he was in a dangerous area. He had been going to this same construction site two or three times a week, maybe fifty times in all. He had observed chunks of concrete about the site. He had an available, safer, alternative avenue of getting to where he was going. Perhaps the jury found significant Evans admission on the witness stand that he did not look down as he exited his vehicle, nor was it his practice to do so. The jury could have reasonably concluded that, considering where he was, he should have been looking where he was stepping. The jury could have determined that he could, and should, have appreciated the risks inherent in his situation more. Two permissible views of the evidence exist; thus, the jury's choice cannot be manifestly erroneous or clearly wrong. Id.
An owner of immovable property is not liable for an injury which results from a condition which should have been observed by an individual in the exercise of reasonable care or which was as obvious to a visitor as to the landowner. Gardner, 532 So.2d 292. A pedestrian is bound to observe his course and to see if his pathway is clear, and he is held to have seen those obstructions in his pathway which would be discovered by a reasonably prudent person exercising ordinary care under the circumstances. Id. In sum, the jury could have found that he had reason to be careful, could have been careful, should have been careful, but was not.
Therefore, this assignment of error is without merit.

*452 OSHA AND ANSI MATERIALS
Evans sought to have OSHA and ANSI materials admitted into evidence and to question witnesses concerning OSHA and ANSI standards. The trial judge ruled that these materials were inadmissible. Additionally, because Evans had not disclosed the materials or otherwise divulged that he intended to raise the issues covered by the materials during pre-trial discovery or at pre-trial conference, the trial judge prohibited any related questions to witnesses. The court felt that to allow Evans to do what he wanted to do would unduly prejudice the defense. Evans does not contest the facts forming the basis of the judge's rulings: that is, that plaintiff did not give the defense proper notice, but could have. Evans neither cites authority for his position, nor in contravention of the judge's. Whether evidence is admissible or not is left to the wide discretion of the trial judge, and his ruling will not be disturbed absent the finding of a clear abuse of that discretion. Id. There is no such clear abuse in this case.
Thus, this assignment of error has no merit.
Our determination as to this assignment of error effectively determines another of the plaintiff's assignments of error: Evans claims that the trial judge erred in excluding his jury instruction number 15, which is related to the OSHA law materials he sought to introduce. Thus, as there was no abuse in excluding the materials, a jury charge relating to those materials would be unnecessary and irrelevant, and that assignment of error is necessarily found to be meritless also.

LOSS OF EARNINGS CAPACITY
Again, the record is clear as to why the trial judge refused to allow the plaintiff to introduce testimony regarding his loss of earnings capacity. The parties stipulated that there was to be no claim for wages, that no evidence concerning wages was to be introduced at trial, and it was the court's vivid impression of the pre-trial proceedings that this stipulation encompassed all matters related to wages, including loss of earnings capacity. The plaintiff does not address the specifics of the court's ruling, but instead merely insists that he suffered a loss of earnings capacity, which is not responsive to the judge's ruling. The trial judge did not abuse his discretion in deciding that the parties' stipulations regarding wages encompassed, and were intended by those parties to encompass, loss of earnings capacity also.
This assignment of error is without merit.
Our determination as to this assignment has the effect of disposing of two other assignments of error, which concern plaintiff's jury charges, numbers 3 and 4, regarding the law as to loss of future wages and loss of earnings capacity. Therefore, as the jury charges, if given, would have referred to that which had not been put into evidence and litigated, those assignments are, likewise, without merit.

PLAINTIFF'S JURY INSTRUCTIONS
The trial judge refused to give five of Evans's requested jury instructions. As this issue relates to plaintiff's jury instruction number 15, which concerned the OSHA and ANSI regulations, and to plaintiff's jury instructions, numbers 3 and 4, relating to loss of future wages and loss of earnings capacity, we have previously addressed them and found them to be without merit.
Adequate jury instructions are those which fairly and reasonably point up issues and which provide correct principles of law for the jury to apply to those issues. Hi-Tech Timber v. Valley Elec. Member., 94-1033 (La.App. 3 Cir. 2/1/95); 649 So.2d 1203, writ denied, 95-568 (La. 4/21/95); 653 So.2d 571. Although the trial judge must give instructions which properly reflect the law applicable in light of the pleadings and facts in each particular case, he is not required to give the instructions exactly as requested. Id. Neither is the judge required to give all the law available on the subject in question. He is only required to instruct the jury as to the law that is pertinent to the case and to do so in terms that the jury can easily comprehend and apply to the evidence before it. Id. The adequacy of the jury instructions must be determined in light of the instructions as a whole. Id. An appellate court must exercise great restraint before overturning a jury verdict because the instructions were so erroneous as to be prejudicial. Id. *453 After reviewing the two remaining requested jury instructions in question, and the judge's instructions to the jury as a whole, it cannot be said that the judge's instructions were inadequate or so erroneous as to be prejudicial.
Evans further complains that the judge should not have modified his jury instruction number 1. We find that the judge's version is the more accurate one and is adequate. It reads, in part, "[i]f the plaintiff proves that he was in good health before his accident, but shortly after the accident a disabling condition manifested itself, then there is a legal presumption that the medical condition producing the disability resulted from the accident." The judge goes on to note for the jury that the burden of proof then shifts to the defendant to show that some other incident could have caused the injury in question. However, to rely on the presumption, "the plaintiff must prove that he was in good health prior to the accident, that there is a causal relationship between the accident and the condition." The court's instruction adequately states the law. The plaintiff's requested instruction is difficult to comprehend, confusing, and seems to distort the actual holdings of the cases cited by plaintiff in support of his instruction, particularly in that his instruction does not make clear the plaintiff's obligation to show a causal relationship between the accident and the condition.
Therefore, Evans's assignment of error as to this jury instruction is without merit.
By his jury instruction number 12, Evans wanted the court to instruct the jury that a worker whose duties require that he work under "hazardous circumstances," and who is doing his best to discharge those duties, is not "guilty of contributory negligence," even though he is fully aware of the risk of injury to which he is subject while performing his work. Again, the court's general instructions can be said to have encompassed the principles the plaintiff sought to have placed before the jury. The judge instructed the jury as to what constituted hazardous or dangerous premises, and as to what the respective duties of the parties were in such situations.
In the case that Evans cites for this jury instruction, Rudd v. Atlas Processing Refinery, 26,048 (La.App. 2 Cir. 9/21/94); 644 So.2d 402, writ denied, 94-2605 (La. 12/16/94); 648 So.2d 392, the court notes that the defendant had not shown that the plaintiff had not done his best, or acted reasonably: "Atlas has not shown that Rudd acted hurriedly, rashly, in total oblivion to, or ignoring, the general condition of the surface of the dock." Id. at 409. In the case before this court, the jury could have viewed the evidence in its entirety as having shown that Evans had ignored the condition of his surroundings, and thus had not acted reasonably or done his best. The question of whether Evans was doing his best, or acting reasonably, was before the jury, and the jury could have very well thought that someone who is not in the habit of looking where he is going, when on active construction sites, was not acting reasonably, or doing his best.
We, therefore, find this assignment meritless.

JUDGMENT & DECREE
For the foregoing reasons, the judgment of the trial court in favor of the defendant, Brookshire Grocery Company, is affirmed, and the plaintiff, E.C. Evans, and the intervenor, the City of Alexandria, are cast equally with all costs of this appeal.
AFFIRMED.